UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE TAYLOR,<br><br>              Plaintiff,<br><br>    v.<br><br>PATRICIA CASSADY, *et al.*,<br><br>             Defendants. | Case No. 2:21-cv-01584-MCE-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 7<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) STAND BY HIS COMPLAINT SUBJECT TO DISMISSAL, OR<br><br>(2) FILE AN AMENDED COMPLAINT<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE |

Plaintiff has filed a complaint alleging that defendants violated his rights during a parole hearing by presenting false information about his criminal conviction. ECF No. 1 at 4-6. His allegations do not state a cognizable claim. I will give plaintiff an opportunity to amend his complaint before recommending that it be dismissed. I will grant his application to proceed *in forma pauperis*. ECF No. 7.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable

1

claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

A prisoner has no right to parole. His due process protections are met so long as he has been given an opportunity to be heard and a statement of reasons for why parole was denied. *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). Plaintiff does not, as best I can tell, allege he was denied either of these things. Instead, he alleges that the state presented false information to the parole board and that his conviction rests, at least in part, on perjured testimony. ECF No. 1 at 7. There is no protection against the use of false information in a parole proceeding. In *Swarthout*, the Supreme Court cautioned that the only federal rights at stake in state parole proceedings are

1 procedural; this court cannot review the merits of the board's decision to deny parole. 562 U.S. at
2 222 ("Because the only federal right at issue is procedural, the relevant inquiry is what process
3 Cooke and Clay received, not whether the state court decided the case correctly."). And a section
4 1983 action is not the appropriate vehicle through which to attack the validity of a state
5 conviction. If plaintiff believes that his state conviction was obtained in violation of his
6 constitutional rights, he should file a habeas petition. I will allow plaintiff a chance to amend his
7 complaint before recommending that this action be dismissed. In any amended complaint he
8 should explain why this action should proceed.

9      If plaintiff decides to file an amended complaint, the amended complaint will supersede
10 the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en
11 banc). This means that the amended complaint will need to be complete on its face without
12 reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is
13 filed, the current complaint no longer serves any function. Therefore, in an amended complaint,
14 as in an original complaint, plaintiff will need to assert each claim and allege each defendant's
15 involvement in sufficient detail. The amended complaint should be titled "Amended Complaint"
16 and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will
17 recommend that this action be dismissed.

18      Accordingly, it is ORDERED that:

19      1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 7, is GRANTED and his
20 earlier filed application to proceed *in forma pauperis*, ECF No. 6, is DENIED as moot.

21      2. Within thirty days from the service of this order, plaintiff must either file an
22 Amended Complaint or advise the court he wishes to stand by his current complaint. If he selects
23 the latter option, I will recommend that this action be dismissed.

24      3. Failure to comply with this order may result in the dismissal of this action.

25      4. The Clerk of Court is directed to send plaintiff a complaint form.

26
27
28

IT IS SO ORDERED.

Dated:   April 27, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE